## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

**MATHEW HEDRINGTON,**

     **PLAINTIFF,**

**VS.**                               **CV NO.:**

**REX LUMBER, TROY, LLC,**

     **DEFENDANT.**                   **JURY TRIAL DEMANDED**

## COMPLAINT

### I. JURISDICTION

1.  This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, 2202, 29 U.S.C. § 2617(a)(2). This is a suit authorized and instituted pursuant to the "Family and Medical Leave Act of 1993," 28 U.S.C. § 2601, et. seq. ("FMLA"). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights and Defendant's violation of the Acts and for injunctive relief and damages.

2.  Defendant, Rex Lumber, Troy, LLC, (hereinafter "Defendant") is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2). Defendant employed at least fifty (50) persons for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Defendant employed these fifty (50) employees within 75 miles of Plaintiff's worksite.

## II. PARTIES

3.     Plaintiff, Mathew Hedrington, (hereinafter "Plaintiff") is a resident of Ozark, Dale County, Alabama, and performed work for the Defendant in the counties composing the Middle District of Alabama during the events of this case. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Middle District, Northern Division.

4.     Defendant Rex Lumber, Troy, LLC (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama.  Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 *et seq*.  Therefore, this Court has personal jurisdiction over Defendant.

## III. STATEMENT OF FACTS

5.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6.     Defendant hired Plaintiff on or about April 9, 2019.

7.     On January 3, 2022, Plaintiff's physician scheduled Plaintiff to undergo surgery on January 31, 2022.

8.     On January 3, 2022, Plaintiff provided notice of foreseeable FMLA leave for his upcoming surgery to Defendant's Human Resources employee, Temeka Flowers.

9.      Prior to January 3, 2022, Plaintiff had never informed Defendant of the need for FMLA leave.

10.     On January 3, 2022, Defendant provided Plaintiff with an FMLA Certification of Health Care Provider for Employee's Serious Health Condition form.

11.     Defendant requested that the FMLA Certification of Health Care Provider for Employee's Serious Health Condition form be returned by January 19, 2022.

12.     Defendant failed to provide Plaintiff with a Notice of Eligibility and Rights and Responsibilities form.

13.     On January 19, 2022, Plaintiff's physician signed and dated the FMLA Certification of Health Care Provider for Employee's Serious Health Condition form.

14.     Plaintiff's physician certified that Plaintiff would be unable to perform his job duties from January 31, 2022 through April 25, 2022.

15.     January 31, 2022 through April 25, 2022 is a period of twelve weeks.

16.     Plaintiff's physician also certified that Plaintiff was scheduled for a "post-op" appointment on February 14, 2022.

17.     Plaintiff returned the completed FMLA Certification of Health Care Provider for Employee's Serious Health Condition form on January 19, 2022.

18.     Defendant did not inform Plaintiff that his FMLA Certification of Health Care Provider for Employee's Serious Health Condition required clarification.

19.     Defendant did not inform Plaintiff that his FMLA Certification of Health Care Provider for Employee's Serious Health Condition required authentication.

20.     Defendant did not inform Plaintiff that his FMLA Certification of Health Care Provider for Employee's Serious Health Condition necessitated a second opinion.

21.     During the 12-month period prior to January 31, 2022, Defendant employed Plaintiff for at least 1,250 hours of service.

22.     Defendant employs fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of Plaintiff's January 31, 2022, leave.

23.      During the week of January 31, 2022, Defendant employed fifty or more employees, who worked within 75 miles of the location where Plaintiff worked.

24.     Defendant failed to provide Plaintiff with an FMLA Designation Notice form, or otherwise notify Plaintiff that it had approved or denied his FMLA leave.

25.     Plaintiff underwent his scheduled surgery on January 31, 2022.

26.     Plaintiff's FMLA Certification shows that Defendant regularly scheduled Plaintiff to work Monday through Thursday from 6:00 a.m. to 6:00 p.m.

27.     Plaintiff typically worked Monday through Friday from 6:00 a.m. to 6:00 p.m.

28.     Due to his recovery from surgery, and consistent with his FMLA Certification, Plaintiff did not report to work on Monday, January 31, 2022; Tuesday, February 1, 2022; Wednesday, February 2, 2022; Thursday, February 3, 2022; Friday, February 4, 2022; and, Monday, February 7, 2022.

29.     On February 7, 2022, Defendant's managers Jason E. Gulledge and Roy Shane Smith informed Plaintiff that Defendant terminated his employment.

30.     On April 14, 2022, Plaintiff's physician stated that Plaintiff could return to work on "full duty".

**COUNT ONE - FMLA INTERFERENCE**

31.     Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 30 above as if fully set forth herein.

32.     Defendant interfered with Plaintiff's FMLA rights by terminating his employment – thus failing to restore him to his position (or an equivalent position) and not allowing him to return from leave.

33.    Defendant's employees had knowledge that Plaintiff suffered from an FMLA qualifying condition for which he needed treatment from his doctor from January 31, 2022 through April 14, 2022.

34.    On February 7, 2022, Defendant's managers Jason E. Gulledge and Roy Shane Smith informed Plaintiff that Defendant terminated his employment.

35.    Defendant's managers Jason E. Gulledge and Roy Shane Smith failed to provide Plaintiff a reason for Defendant's termination decision.

36.    As a result of Defendant's interference with Plaintiff's rights under the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

### COUNT TWO - FMLA RETALIATION

37.    Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 36 above as if fully set forth herein.

38.    Defendant retaliated against Plaintiff because he exercised his FMLA rights when it terminated his employment while on FMLA leave.

39.    Defendant's employees had knowledge that Plaintiff suffered from an FMLA qualifying condition for which he needed a surgery on January 31, 2022, and subsequent recovery through at least April 25, 2022.

40.    On February 7, 2022, Defendant's managers Jason E. Gulledge and Roy Shane Smith informed Plaintiff that Defendant terminated his employment.

41.     Defendant's managers Jason E. Gulledge and Roy Shane Smith failed to provide Plaintiff a reason for Defendant's termination decision.

42.     Defendant's managers Jason E. Gulledge and/or Roy Shane Smith made the decision to terminate Plaintiff's employment.

43.     Defendant's managers Jason E. Gulledge and/or Roy Shane Smith made the decision to terminate Plaintiff's employment, in whole or part, because of Plaintiff's exercise of FMLA rights.

44.     As a result of Defendant's discriminatory termination decision in violation of the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.     Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Family and Medical Leave Act;

B.     Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

C.      Award him back pay, together with employment benefits, front pay, liquidated damages; special damages; nominal damages;

D.      Attorneys' fees and costs;

E.      Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 2617 et seq. that the actions of Defendant violated the law; and,

F.      Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
                Allen D. Arnold

**OF COUNSEL:**

ALLEN D. ARNOLD, Attorney at Law
6 Office Park Circle, Suite 209
Birmingham, AL 35223
T: (205) 252-1550
ada@allenarnoldlaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
                OF COUNSEL

**DEFENDANT'S ADDRESS:**
Rex Lumber, Troy, LLC
Corporation Service Company
641 Lawrence Street
Montgomery, AL 36104